NO. 07-03-0492-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 27, 2004


______________________________



MICHAEL GLEN SCOTT
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. W-30,473-01-B; HON. SAMUEL KISER, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Michael Glen Scott (Scott), filed with this court, on November 20, 2003,
a notice of appeal wherein he seeks to appeal his conviction based on findings from "DNA
testing," among other things. Also before us are several other motions he filed. (1) We
dismiss for want of jurisdiction and deny all motions filed in this cause as moot. 

 Though difficult to understand, Scott asks us to reverse his 1996 conviction for
aggravated assault. He believes he is entitled to reversal because he was denied
opportunity to undergo DNA testing at the time of his arrest or shortly thereafter. To the
extent that he attacks his conviction, he must file his notice of appeal within 30 or 90 days
of the date the trial court sentenced him in open court. Tex. R. App. P. 26(a). Given that
he was sentenced in 1996 and his notice of appeal was not filed until November of 2003,
his attempt to appeal is untimely. Thus, we have no jurisdiction over the cause. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

 To the extent that his notice and various motions can be construed as a request for
DNA testing under art. 64.01 of the Texas Code of Criminal Procedure, we again find that
we have no jurisdiction over the matter. That statute provides a convicted person the
opportunity to request forensic DNA testing. However, the request must be presented to
the "convicting court." Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2004). This
appellate court was and is not the convicting court. Scott was tried and convicted in the
181st Judicial District Court for Potter County. Moreover, the record before us contains no
order illustrating that the 181st Judicial District Court denied him any relief under art. 64.01
of the Code of Criminal Procedure. So, there is no final order implicating that article that
vests us with jurisdiction over the matter.

 Finally, to the extent that the various documents Scott has filed may be construed
as an application for writ of habeas corpus under art. 11.07 of the Code of Criminal
Procedure, we are again without jurisdiction over the matter. Only the Texas Court of
Criminal Appeals may grant relief under that article. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004) (stating that after final conviction in any felony case, the writ
must be made returnable to the Court of Criminal Appeals).

 Accordingly, we dismiss the appeal for want of jurisdiction. Furthermore, all of the
motions filed in this cause are denied as moot.

 

 Brian Quinn

 Justice




Do not publish.
1. The motions are entitled as follows: 1) "Motion Rule 22. Arrest of Judgment," 2) "Motion Request
Appointed Counsel, Rule 6.4(B)," 3) "Motion Formal Bills of Exception Rule 33.2," 4) "Motion Rule 32.2
Supplemental Statements" (this motion requests that appellant be allowed to correct statements made in the
docketing statement filed with this court), 5) "Motion Rule 69.Action of Court on Petition for Discretionary
Review and after Granting Review," 6) "Motion New Trial on Rule 44.2 Reversible Error in a Criminal Case
(a) Constitutional Error," and 7) "Motion New Trial Article 40.001 on Material Evidence, Rule 22.6 Granting
Rule 31.1, Rule 31.2, Rule 296 Finding of facts, Rule 51.2 Judgment of Acquittal."



mber
30, 2002," and that "no neurosurgical consult was obtained until December 31, 2002, and
then only after [she] was found to be paralyzed . . . ." Then fifteen acts of negligence are
set forth, (3) only one of which might be said to complain of the misuse of tangible personal
property, and that allegation fails to specify the personal property allegedly misused. The
substance of Borchardt's cause of action is the failure of the doctors to act or use medical
equipment to appropriately diagnose Borchardt's condition and that does not state a cause
of action under the Tort Claims Act. Kerrville State Hospital v. Clark, 923 S.W.2d 582, 584
(Tex. 1996) (stating that the failure to administer injectable drugs is a non-use of tangible
property and does not fall under the waiver provisions of the Texas Tort Claims Act). 

 Accordingly, we find that the trial court did not err in denying the motions to dismiss. 
The order of the trial court is affirmed.


 Brian Quinn 

 Chief Justice
1. Section 51.014 of the Civil Practice & Remedies Code provides for an interlocutory appeal with
respect to the denial of a motion for summary judgment that is based on an assertion of immunity by an
individual who is an employee of the state or a political subdivision of the state. Tex. Civ. Prac. & Rem. Code
Ann. §51.014(a)(5) (Vernon Supp. 2006). In Phillips v. Dafonte, 187 S.W.3d 669, 675 (Tex. App.-Houston
[14th Dist.] 2006, no pet.), the court found that an interlocutory appeal was available even though immunity was
raised by a motion to dismiss rather than a motion for summary judgment. 
2. The acts of negligence alleged in parts "o." and "p." are identical. 
3. The other alleged acts of negligence are 1) failure to properly recognize the symptoms and treat the
condition, 2) failure to recognize and treat the condition despite the patient's history of back/spine problems
and surgery, 3) failure to timely render proper, immediate, and appropriate care and treatment based upon
the patient's medical condition and history, 4) allowing her condition to continue to deteriorate in spite of her
condition being indicative of a high risk of complications, 5) failing to institute proper and immediate care in
spite of the clinical signs that the patient demonstrated and her known risk for neurologic complications, 6)
failing to order and provide appropriate care, testing, and treatment, 7) failing to insure that such care, testing,
and treatment as was ordered was completed in a timely and proper manner, 8) failing to recognize the
patient's need for specialized care and evaluation, 9) failing to demonstrate knowledge of the sign and
symptoms of cord compression, 10) failing to order and cause appropriate treatment to be initiated in a timely
manner, 11) failing to take adequate actions to prevent the progression of the patient's condition, 12) failing
to obtain laboratory findings and perform diagnostic testing which was clearly indicated, 13) failing to provide
appropriate care based on the patient's presentation, symptoms, and complaints, and 14) failing to obtain an
emergent neurosurgical consultation.